## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CLIFTON DAVID SIMS,<br><br>            Plaintiff<br><br>      v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>            Defendants | Civil Action No. 19-345 (CKK) |

## ORDER
(July 31, 2019)

The Court has is in receipt of Defendants' [8] Motion to Dismiss. The Court has read and considered the briefing on whether or not to dismiss Plaintiff's lawsuit. Defendants' arguments for dismissal can be divided into three categories: (1) the effect of the arbitration clause in Plaintiff's non-disclosure agreement, (2) whether or not the Court has subject matter jurisdiction, and (3) whether or not the Court should use its discretion to refuse to grant declaratory relief. *See* Defs.' Mot., ECF No 8-1. As a preliminary matter, the Court begins by considering whether or not it has jurisdiction to hear Plaintiff's Complaint. *See Cytori Therapeutics, Inc. v. Food & Drug Admin.*, 715 F.3d 922, 925 (D.C. Cir. 2013) (describing jurisdiction as a "preliminary matter").

In reviewing the parties' arguments concerning subject matter jurisdiction, the Court is most concerned about its ability to grant declaratory or injunctive relief against the President of the United States. As this Court recently explained, there is "lingering uncertainty" in decisions from both the United States Supreme Court and the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") as to whether or not declaratory or injunctive relief can be granted against the President. *Lovitky v. Trump*, No. 19-1454, 2019 WL 3068344, at *8-10 (D.D.C. July 12, 2019). However, it appears to the Court that the D.C. Circuit may soon provide some clarity on this issue.

In *Lovitky*, this Court recently stated that it "should not grant mandamus, injunctive, or declaratory relief against a sitting President to require performance of a ministerial duty." 2019 WL 3068344, at *10. Because this Court could not grant relief against a sitting President and because the plaintiff had not pursued relief against any lower officials, the Court found that the plaintiff's injury was not redressable and that he lacked standing. As such, the Court dismissed the lawsuit. *Id.* The plaintiff in *Lovitky* has appealed the Court's ruling. *See Lovitky v. Trump*, 19-5199 (D.C. Cir). On July 19, 2019, the plaintiff filed a consent motion for an expedited briefing schedule.

Additionally, another district court judge in this circuit has recently addressed this same issue and reached a different conclusion. In *Blumenthal v. Trump*, 373 F. Supp. 3d 191 (D.D.C. 2019), District Court Judge Emmet Sullivan denied the President's motion to dismiss, concluding that, because compliance with the Emoluments Clause is a ministerial duty, injunctive relief could be granted against the President. 373 F. Supp. 3d at 211-12. Following, Judge Sullivan's decision, the President moved for an interlocutory appeal of the issue pursuant to 28 U.S.C. § 1292(b), which Judge Sullivan initially denied. *See Blumenthal v. Trump*, 382 F. Supp. 3d 77 (D.D.C. 2019). However, the D.C. Circuit found that the denial of the motion to dismiss "squarely meet[s] the criteria for certification under Section 1292(b)" and remanded the matter to the district court for immediate reconsideration. *In re Trump*, No. 19-5196, 2019 WL 3285234 (D.C. Cir. July 19, 2019). Judge Sullivan has ordered re-briefing, which will be completed on August 12, 2019, on whether or not an interlocutory appeal should be granted. But, from the D.C. Circuit's opinion, it seems likely that an interlocutory appeal will be granted.

The conflicting decisions in *Lovitky* and *Blumenthal* demonstrate the difficulties in deciding whether or not injunctive or declaratory relief can be granted against a sitting President. As this legal issue is currently unsettled, and as it appears likely that the issue will soon be decided by the D.C. Circuit, the Court proposes the following. The Court proposes that this case, as well as Defendant's Motion to Dismiss, be stayed pending a D.C. Circuit decision in *Lovitky* or *Blumenthal*. Under this proposal, the Court would order the case stayed for 60 days or until the D.C. Circuit has issued a decision, whichever comes first. If necessary, the stay could be extended at the end of the 60 days. As Plaintiff has sued the President, and not any subordinate officials, the issue of whether or not declaratory or injunctive relief can be granted against the President is likely to be determinative of this Court's jurisdiction. As such, the Court finds that it would be prudent to await guidance from the D.C. Circuit.

The Court ORDERS the parties to file Responses to the Court's proposal by AUGUST 9, 2019. The parties should include among other things what if any prejudice there is to either party.

**SO ORDERED.**

_____/s/_____

COLLEEN KOLLAR-KOTELLY
United States District Judge