UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLIFTON DAVID SIMS | * |
| Plaintiff, | * |
| v. | *   Civil Action No. 19-cv-00345 (CKK) |
| DONALD J. TRUMP et. al. | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S RESPONSE TO JULY 31, 2019 COURT ORDER**

By Order dated July 31, 2019, the parties were requested to respond to the Court's proposal "that this case, as well as Defendant's Motion to Dismiss, be stayed pending a D.C. Circuit decision in Lovitky or Blumenthal. Under this proposal, the Court would order the case stayed for 60 days or until the D.C. Circuit has issued a decision, whichever comes first. If necessary, the stay could be extended at the end of the 60 days." Order at 2.

On August 7, 2019, the Plaintiff indicated he has no opposition to the Court's proposed course of action.

On August 8, 2019, the Defendants responded that "rather than stay this proceeding for sixty days, it might best conserve judicial resources to stay this proceeding pending a D.C. Circuit decision in either Lovitky or Blumenthal, whenever such a decision comes." Defendant's Response to July 31, 2019 Court Order at 2 (filed August 8, 2019). Thus, the Defendants propose an "indefinite stay." Id.

The Plaintiff strongly opposes the Defendants' suggestion. It has long been well settled by courts throughout the United States that expedited attention should be given to cases involving First Amendment interests. See e.g., Action for Children's Television v. FCC, 59 F.3d 1249, 1259 (D.C. Cir. 1995)(finding that "possibility that the agency's actions might similarly run afoul of the first amendment demands prompt judicial

scrutiny") cert. denied, 116 S.Ct. 773 (1996); Bernard v. Gulf Oil Co., 619 F.2d 459, 470 (5th Cir. 1980), aff'd, 452 U.S. 89 (1981)("Fragile First Amendments rights are often lost or prejudiced by delay….Court have therefore been commendably willing to expedite proceedings involving First Amendment right."); National Student Ass'n v. Hershey, 412 F.2d 1103, 1115 (D.C. Cir. 1969)(recognizing "urgency of prompt protection for frail First Amendment interests"); Potwora v. Dillon, 386 F.2d 7, 76 (2d Cir. 1967)(hearing case on expedited basis "[i]n light of plaintiffs' representation that the order deprived them of important First Amendment rights").[1]

    Indeed, the Supreme Court has held that there exists a "constitutional need to avoid 'undue delay result[ing] in the unconstitutional suppression of protected speech.'" City of Littleton v. Z. J. Gifts D-4, L.L.C, 541 U.S. 774, 782 (2004), quoting FW/PBS, Inc. v. Dallas, 493 U.S. 215, 228 (1990). See also Freedman v. State of Maryland, 380 U.S. 51, 59-60 (1965)(providing mechanism for prompt review is necessary to avoid offending constitutional protections); Collin v. Smith, 578 F.2d 1197, 1209 (7th Cir. 1978)("We have endeavored to expedite decision, because to delay the exercise of First Amendment rights in itself burdens them and may risk their destruction."); Quarter Action Group v. Hickel, 421 F.2d 1111, 1116 (D.C. Cir. 1969)(noting "any delay in the exercise of First Amendment rights constitutes an irreparable injury to those seeking such exercise") (citation omitted).

    While the Plaintiff agrees with the Court's logic to temporarily stay this case to see if the D.C. Circuit timely clarifies the state of the law on a relevant issue and reassess as time progresses, imposing a blanket indefinite suspension is inappropriate and infringes

---

[1] See also Auvil v. CBS "60 Minutes", 800 F. Supp. 928, 937 (E.D. Wash. 1992)("The public interest is best served by expeditious disposition of cases raising First Amendment issues."); Collin v. Smith, 447 F. Supp. 676, 680 (N.D. Ill. 1978)(ordering "trial on an expedited schedule in view of the compelling national interest in prompt resolution of cases implicating First Amendment freedoms"); American Camping Ass'n v. Whalen, 465 F. Supp. 327, 330 (S.D.N.Y. 1978)(finding a "prompt trial on the merits is required" with First Amendment rights at stake).

upon the Plaintiff's protected First Amendment rights, especially since there may come a point where the Plaintiff wishes to proceed under the current circumstances, or propose an Amended Complaint that could avoid the present conflict.

Therefore, Plaintiff respectfully requests the Court implement the proposal it suggested and reject the Defendants' alternative.

Date:   August 8, 2019

                                         Respectfully submitted,

                                               /s/
                                      _____
                                      Mark S. Zaid, Esq.
                                      D.C. Bar #440532
                                      Bradley P. Moss, Esq.
                                      D.C. Bar #975905
                                      Mark S. Zaid, P.C.
                                      1250 Connecticut Avenue, N.W.
                                      Suite 700
                                      Washington, D.C. 20036
                                      Brad@MarkZaid.com
                                      Mark@MarkZaid.com

                                      *Attorneys for Plaintiff*